LOTTIE ELLIS V. THE STATE.

No. 9781.   Delivered October 14, 1925.

Rehearing denied February 10, 1926.

1.—Possessing Intoxicating Liquor—No Statement of Facts—Bills of Exception—Present No Error.

Where a record is before us without a statement of facts, bills of exception which complain of the introduction of testimony on the trial are without meaning and cannot be considered on appeal.

ON REHEARING.

2.—Same—Record Corrected.

Where, on her motion for rehearing appellant shows that the statement of facts had been filed in due time in the court below, and that it was due entirely to the fault or omission of the clerk of the trial court that it had not been filed in this court, such statement of facts will be considered.

3.—Same—Evidence—Statements of Accused—Not Under Arrest—Properly Admitted.

Where a statement made by the appellant to a witness before her arrest, pertinent to the case on trial, is admitted in evidence, no error is shown.

4.—Same—Evidence—Held, Sufficient.

Where, on a trial for possession of intoxicating liquor, for the purpose of sale, a witness testified that he found three bottles of tequila in appellant's trunk, and that they were what they called quart bottles, and were sealed, with the seals intact, this proof warranted the jury in finding that she was in possession of more than one quart and authorized the court to submit the issue to the jury.

Appeal from the District Court of Nueces County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*B. D. Tarlton* of Corpus Christi, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Nueces County for the offense of possessing liquor for the purpose of sale and the punishment assessed at confinement in the penitentiary for a term of one year.

There is no statement of facts contained in the record.

There are four bills of exception contained in the record but each of these bills have reference to testimony introduced in the case and there being no statement of facts it is impossible for us to determine that said bills show any error. It is therefore ordered that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BERRY, JUDGE.—At a former day of this term this case was considered and no statement of facts being found in the record, and no errors which could be considered without a statement of facts, it was affirmed.

Appellant in her motion for rehearing has shown to our satisfaction that the statement of facts had been filed in due time in the court below and that it was due entirely to the

fault or omission of the Clerk below that it had not been filed in this court. The statement of facts is now before us and the case will be considered on its merits.

Appellant in her first bill of exception complains at the court's action in permitting the state to prove by the witness Bisbee that he had a conversation with appellant near her premises on May 1st, 1925. This conversation seems to have taken place at the home of Clara Brown which was about ten or twelve feet from the appellant's home where the liquor in question was afterwards found. The bill of exceptions simply shows that the appellant told the witness that she did not have any liquor in her house and told him to go and see if he wanted to and that she unlocked the door to her house.

The court in qualifying this bill certifies not only that the conversation alluded to was a part of the res gestae but in addition thereto states that it was not shown that the defendant was under arrest. We think the bill fails to show reversible error.

The other three bills of exception found in the record complain in various ways to the effect that the testimony is insufficient to show that the appellant possessed more than a quart of liquor and that therefore the trial court was in error in charging on the presumption arising from the possession of more than a quart. We have very carefully examined the testimony with reference to this matter and while it is not as full and as cogent as it might have been and while we do not commend the practice of the state failing to fully develop all the facts within its knowledge in the trial of a case, yet we cannot say from this record that there was no testimony raising the issue that the appellant possessed more than a quart of liquor. The prosecuting witness testified that he opened the appellant's trunk and found three bottles of tequila, supposed to be quart bottles. He further testified that he saw the size of those bottles and knows a quart bottle when he sees it and those bottles were what they call quart bottles, and that those bottles were full and sealed with the seals intact. It is true that on cross examination he testified that after measuring the whiskey he would say those bottles were not quart bottles but that they were supposed to be. He further said "I will say that they were called quart bottles; they won't measure a quart by standard measurement." We cannot say that this testimony does not present the issue of the possession of more than a quart of liquor by the appellant.

Being of the opinion that there is no reversible error in the record and the same judgment being required as was rendered on original hearing, it is ordered that the appellant's motion for rehearing be in all things overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*Overruled.*